UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

Roberta Slaaen,

    Plaintiff,

v.

SL Greenfield, LLC,

    Defendant.

Case No.: 18-cv-1560

## DEFENDANT'S MOTION TO VACATE ENTRY OF DEFAULT AND REQUEST EXTENSION OF TIME TO ANSWER

### INTRODUCTION

Plaintiff Roberta Slaaen ("Plaintiff") brought this action seeking unpaid overtime under the Fair Labor Standards Act ("FLSA") and Wisconsin Wage Payment and Collection Laws ("WPPCL"). Instead of requiring Plaintiff to waste resources and serve the initial pleadings, Defendant agreed to waive service following discussions with Plaintiff's counsel. Based on these communications, Defendant's counsel understood that the parties agreed Defendant's Answer to the Complaint would not be due until 60 days from the waiver of service date. Defendant came to realize Plaintiff did not share this agreement only after Plaintiff moved for entry of default in this matter. Defendant now brings this motion in light of the parties' apparent misconception on when Defendant's Answer to the Complaint was due, and requests the Court vacate the entry of default and extend the time for filing the Answer to December 11, 2018.

### RELEVANT FACTS

Plaintiff filed this action on October 3, 2018, and proceeded to serve via mail the Complaint on October 4, 2018, on Defendant. (ECF No. 1.) Defendant's counsel was not

retained until November 6, 2018, at which point Defendant's counsel promptly made efforts to contact Plaintiff's counsel. (Berhow Dec. ¶ 3.) Defendant's counsel agreed to waive service on November 12, 2018, after speaking with Plaintiff's counsel multiple times. (ECF No. 6.) Based on these conversations, Defendant's counsel understood that Defendant had 60 days from the waiver of service date to file its Answer. (Berhow Dec. ¶ 4.)

A Rule 16 conference was held on November 30, 2018, in the related matter *Roberta Slaaen and Julie Hoaglan v. Senior Lifestyle Corp. and SL Greenfield, LLC*, No. 18-cv-1562 (E.D. Wis.) (hereinafter, "*Senior Lifestyle Litigation*")—counsel for the parties are the same in both matters—with both Plaintiff's counsel and Defendant's counsel appearing via telephone. (Berhow Dec. ¶ 5.) That same day, Defendant's counsel sent Plaintiff's counsel an email stating they understood the response to the Complaint was not due until 60 days from the waiver of service date. (Berhow Dec. ¶ 6.) In the email, Defendant stated it anticipated responding by December 12, 2018, based on the timeline set by the Court in the *Senior Lifestyle Litigation*, and asked Plaintiff's counsel to contact Defendant's counsel if they wanted to discuss the matter. (*Id.*) Plaintiff's counsel did not respond or otherwise indicate that Defendant's belief on when its response was due was not accurate. (*Id.*)

On December 7, 2018, one week after Defendant emailed outlining its understanding of when the Answer was due and when it planned on filing its responsive pleading, Plaintiff filed a motion for entry of default judgment. (ECF No. 8.) Defendant's counsel immediately contacted Plaintiff's counsel that day to discuss the matter and request Plaintiff's counsel withdraw the motion based on the apparent disagreement on when Defendant's response was due. Plaintiff's counsel stated it would not withdraw the motion.

The Court Clerk entered default for Plaintiff on December 7, 2018.

302946512v1 1014987

**ARGUMENT**

1. **DEFAULT IS NOT APPROPRIATE IN THIS MATTER**

Federal Rule of Civil Procedure 55 provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." The court considers whether the moving party has shown: (1) good cause for default; (2) quick action to correct it; and (3) a meritorious defense to plaintiff's complaint. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). Although the "good cause" standard applies to motion for entry of default and default judgment, "the test is more liberally construed in the Rule 55(C) context." *Id.*; *see also Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir. 2007) (stating the "good cause" standard in Rule 55(c) must be easier to satisfy than relief under Rule 60(b), which allows for relief on account of mistake and inadvertence as well as excusable neglect). Default "is a weapon of last resort, appropriate only when a party wil[l]fully disregards pending litigation," and should only be used in "extreme situations." *Yong-Qian Sun v. Bd. of Trs.*, 473 F.3d 799, 811 (7th Cir. 2007). As such, the Seventh Circuit favors decision on the merits over default judgments. Cracco, 559 F.3d at 631; *see also Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014); *Yong-Qian Sun v*, 473 F.3d at 811; *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984) (collecting cases).

    a.    **"Good Cause" Exists to Set Aside Entry of Default**

The "good cause" standard under Rule 55(c) "requires 'good cause' for the judicial action, not 'good cause' for the defendant's error." *Sims*, 475 F.3d at 868. "The fact that declining to vacate a default will result in the imposition of a judgment requiring a defendant to pay damages disproportionate to any wrong done by the defendant constitutes good cause for judicial action, even if there is no good excuse for the defendant's inattention to the case." *Westerfield v. Quiznos Franchise Co., LLC*, 2007 U.S. Dist. LEXIS 11407, at *9 (E.D. Wis. Feb.

15, 2007). A court should also consider the extent of prejudice the non-moving party suffers as a result of the error. *Shain*, 2016 U.S. Dist. LEXIS 148239, at *10.

"Good cause" warrants vacating the default and allowing the parties to proceed with litigation given the gravity of the proposed judgment. Plaintiff seeks default that could result in an untold judgment amount given Plaintiff alleges unpaid overtime for unrecorded hours. Without any idea as to what damages could be, allowing Plaintiff to obtain default is a windfall to Plaintiff that far exceeds the inadvertent error by Defendant in filing its Answer one-week late.

Plaintiff also will not suffer any prejudice from vacatur. Defendant's motion and its Answer were filed a little over one week after Plaintiff understood the Complaint was due and only four days after default was entered, meaning the parties may continue with discovery and litigation with little to no time lost due to this error. Plaintiff herself acknowledges that discovery and this matter will continue even if default is entered, meaning both sides will still have to invest time and money taking discovery and litigating damages. Simply put, vacating the default has little effect on the litigation since the parties will still have to do discovery and litigate damages. The lack of prejudice from the slight delay further supports granting relief from the entry of default.

A finding of "good cause" is all the more reasonable considering the reason for the delay in Defendant's filing stems from a misunderstanding between the parties' counsel, not some disregard for the litigation or more nefarious explanation. Defendant's counsel believed that Defendant had 60 days from the date of the waiver of service to file their responsive pleadings, while Plaintiff's counsel apparently did not have this same interpretation. This miscommunication is evidenced by the fact that Defendant's counsel sent Plaintiff's counsel an email before the Answer was due that included this erroneous perception. Rather than clarify

Plaintiff's position or notify Defendant that it did not agree to deadlines as Defendant identified them, Plaintiff instead simply moved for default. Defendant does not seek to place blame on Plaintiff for not notifying it of filing deadlines—Defendant is well aware of its obligations to know and adhere to the Federal Rules of Civil Procedure—but Plaintiff's decision to sit silently by even while knowing that Defendant had a misconception of the parties' agreement and then seek default further demonstrates that good cause exists to vacate the entry of default.

### b. Defendant Took Quick Action to Remedy the Default

Under Rule 55(c), the focus of inquiry for whether a moving party took quick action relates to timing to correct a default, not the conduct occurring before default. *Yan Fang Jiang v. Hannon Grp., Ltd.*, 2015 U.S. Dist. LEXIS 15870, at *10 (E.D. Wis. Feb. 10, 2015). Defendant has acted extremely quickly following the entry of defaults, filing this motion to vacate and its proposed Answer four days after the entry of default. The minimal time between the default entry and Defendant's response and Answer constitutes "quick action" to remedy the entry of default. *See Parker*, 772 F.3d at 505 (holding 5-day delay in filing motion satisfied "quick action" requirement); *Cracco*, 559 F.3d at 631 (8-day delay); *Shain v. Zingre*, 2016 U.S. Dist. LEXIS 148239, at *11 (E.D. Wis. Oct. 26, 2016) (4-week delay); *Yan Fang Jiang*, 2015 U.S. Dist. LEXIS 15870, at *10 (16-day delay); *Harris v. Clarke*, 2006 U.S. Dist. LEXIS 61457, at *12 (E.D. Wis. Aug. 18, 2006) (15-day).

### c. Defendant Has Meritorious Defenses to Liability and Damages

To show a "meritorious defense," the moving party need not definitively show that the defense will prevail but must offer more than bare legal conclusions. *Shain*, 2016 U.S. Dist. LEXIS 148239, at *11–12 (citing *Parker v. Scheck Mechanical Corp.*, 772 F.3d 502, 505 (7th Cir. 2014)). Here, Defendant has raised several affirmative defenses to Plaintiff's claims, including that Defendant did not instruct employees to work off-the-clock, that Defendant

5

properly compensated Plaintiff for her overtime hours and no additional overtime is owed as a result, good faith defenses against liability and damages, as well as several other affirmative grounds that bar Plaintiff's claims in whole or in part. Each of these constitutes meritorious defenses and support vacating the entry of default for litigation on the merits. *See Westerfield*, 2007 U.S. Dist. LEXIS 11407, at *11.

**2.  MOTION TO EXTEND TIME TO ANSWER**

A court may extend a deadline after it has expired if a party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b). "The district court's decision whether to allow a late filing is 'at bottom an equitable one, taking account of all relevant circumstances . . . including . . . the danger of prejudice . . . the length of the delay . . . the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Simstad v. Scheub*, 816 F.3d 893, 899 (7th Cir. 2016) (quoting *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The Seventh Circuit has found in at least one case that attorney error may constitute excusable neglect where the attorney acted in good faith and the error did not prejudice the opposing party. *See Crue v. Aiken*, 370 F.3d 668, 680–81 (7th Cir. 2004).

Defendant requests the Court extend the deadline for its Answer to the Complaint to December 11, 2018. As detailed above, the delay necessitating the requested extension arises from a misunderstanding on when Defendant's responsive pleadings were due following discussions with Plaintiff's counsel around accepting waiver of service. Plaintiff has not and will not be prejudiced by this slight delay. As such, Defendant requests the Court grant the requested extension and accept the attached Answer as timely filed.

6
302946512v1 1014987

## **CONCLUSION**

For the foregoing reasons, the Court should grant Defendant's motion to vacate the entry of default and extend the deadline for filing an Answer to the Complaint to December 11, 2018.

Dated this 11th day of December, 2018.

    /s/ Alexander M. Baggio
Elizabeth A. Odian
State Bar No. 1084776
Alexander M. Baggio
MN State Bar No. 0389912
Attorneys for Defendant SL Greenfield, LLC
**HINSHAW & CULBERTSON LLP**
333 South Seventh Street
Suite 2000
Minneapolis, MN 55402
Phone No. 612-333-3434
Fax No. 612-334-8888
E-mail Address(es):
eodian@hinshawlaw.com
abaggio@hinshawlaw.com