UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ROBERTA SLAAEN

        Plaintiff,

    v.

SL GREENFIELD, LLC

        Defendant

Case No.: 18-cv-1560

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO VACATE ENTRY OF DEFAULT AND EXTENSION OF TIME TO ANSWER**

NOW COMES Plaintiff, Roberta Slaaen, by her attorneys, Walcheske & Luzi, LLC, and as for *Plaintiff's Opposition to Defendant's Motion to Vacate Entry of Default and Extension of Time to Answer*, Plaintiff offers the following arguments for this Court's consideration.

## **INTRODUCTION**

On November 13, 2018, an executed Waiver of Service was filed with this Court. (*See* ECF No. 6.) The executed Waiver of Service: (1) confirmed that Defendant "received a copy of the Complaint in this action, two copies of this instrument, and a means by which I can return the signed waiver to [Plaintiff's counsel] without cost to me"; and (2) informed Defendant that "a judgment may be entered against me … if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served upon [Plaintiff's counsel] within 60 days after **October 4, 2018**." *Id.* (emphasis in original.) The Waiver of Service similarly states: "If you waive service, then you must, within the time specified on the waiver form, serve and answer or a motion under Rule 12 on the plaintiff and file a copy with the court." *Id.*

Defendant's Answer or other responsive pleading to Plaintiff's Complaint was due on or before December 3, 2018 – sixty (60) days after October 4, 2018. *See* FED. R. CIV. P. 12(a)(1)(A)(ii) (stating that a defendant who has timely waived service under RULE 4(d) must serve a responsive pleading within 60 days after the request for a waiver was sent). (*See also* Declaration of Scott S. Luzi ("Luzi Decl."), ¶¶ 2-5.)

Defendant did not file its Answer or other responsive pleading to Plaintiff's Complaint on or before December 3, 2018. (Luzi Decl., ¶ 6.)

On December 7, 2018, the Clerk entered default against Defendant.

On December 11, 2018, Defendant filed its Motion to Vacate Entry of Default and Extension of Time to Answer, (ECF No. 9), and the Declaration of Mark T. Bewhow. (ECF No. 10.)

## **ARGUMENT**

### I. DEFENDANT'S BASIS FOR ITS FAILURE TO TIMELY ANSWER PLAINTIFF'S COMPLAINT DOES NOT CONSTITUTE GOOD CAUSE UNDER FED. R. CIV. P. 55(c)

A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009) (citing *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir.2007) and *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir.1994)); *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir.1989); *see also* FED. R. CIV. P. 55(c).

Regarding the first element, a defendant must show that it had "good cause" for the late submission of its answer in order to have an entry of default vacated. *Cracco*, 559 F.3d at 631.

Good cause does not exist if a defendant's late submission of its answer was deliberate, voluntary, and/or intentional. *See, e.g., Cracco*, 559 F.3d at 629-31. For example, in *Cracco*, the defendant's registered agent received the summons and complaint, but forwarded the documents to employees who did not understand their significance. The defendant did not timely file its answer, and default was entered. 559 F.3d at 629. In affirming the district court's grant of the defendant's motion to vacate the entry of default, the Seventh Circuit concluded that the defendant "did not willfully ignore the pending litigation, but, rather, failed to respond to the summons and complaint through inadvertence." *Id.* at 631 (citing *Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 677 (7th Cir.1987)).

Conversely, in this case and unlike the factual scenario in *Cracco*, there is evidence that Defendant acted willfully – i.e., deliberately, voluntarily, and/or intentionally – when failing to timely respond to Plaintiff's Complaint. Specifically, Defendant argues that it failed to timely file an answer to Plaintiff's Complaint because it believed that it "had 60 days from the date of the waiver of service to file its responsive pleadings," and that this belief was exclusively based upon Plaintiff's counsel's representations to Defendant's counsel.[1] (Defendant's Motion to Vacate Entry of Default and Extension of Time to Answer ("Defendant's Motion"), p. 4; Declaration of Mark T. Berhow, ECF No. 10 ("Berhow Decl."), ¶ 4.)

Because Defendant's arguments and rationale are objectively unreasonable, untruthful, and contrary to Defendant's counsel's federal litigation experience, there is an evidentiary and factual basis for this Court to conclude that Defendant acted willfully when it failed to timely respond to Plaintiff's Complaint.

---

[1] It is disingenuous for Defendant to characterize its failure to timely respond to Plaintiff's Complaint as "…a misunderstanding between the parties' counsel…" (Defendant's Motion, p. 4.) Defendant squarely blames Plaintiff's counsel's actions (and inactions) as the factual basis for this "misunderstanding." *Id.*; *see also* Berhow Decl., ¶ 4.

First, contrary to Defendant's assertions, there was no "misunderstanding between the parties' counsel"[2] as to the date an answer or other responsive pleading to Plaintiff's Complaint was due. (Luzi Decl., ¶¶ 8-15, **Exhibits A** to **C**.) Indeed, the executed Waiver of Service filed with this Court on November 13, 2018, (ECF No. 6): (1) confirmed that Defendant "received a copy of the Complaint in this action, two copies of this instrument, and a means by which I can return the signed waiver to [Plaintiff's counsel] without cost to me"; and (2) informed Defendant that "a judgment may be entered against me … if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served upon [Plaintiff's counsel] within 60 days after **October 4, 2018**." *Id.* (emphasis in original.)[3] Simply put, there was no "misunderstanding between the parties' counsel" because Defendant was well aware, *as of at least November 13, 2018*, that its answer or other responsive pleading to Plaintiff's Complaint was due on or before December 3, 2018 – sixty (60) days after October 4, 2018. *Id.*

Second, Defendant's belief that there was a "misunderstanding between the parties' counsel" as to the due date of Defendant's answer or other responsive pleading to Plaintiff's Complaint is untruthful.[4] (Luzi Decl., ¶¶ 8-15, **Exhibits A** to **C**.) Simply put, there was no misunderstanding between Plaintiff's counsel and Defendant's counsel because Plaintiff's counsel never gave Defendant's counsel a different understanding or impression. (*Id.*) Defendant's argument in this regard is an after-the-fact excuse for its deliberate and intentional failure to timely file an answer or other responsive pleading to Plaintiff's Complaint.

---

[2] Defendant's Motion, p. 4.
[3] The Waiver of Service similarly stated: "If you waive service, then you must, **within the time specified on the waiver form**, serve and answer or a motion under Rule 12 on the plaintiff and file a copy with the court." (ECF No. 6.) (emphasis added.)
[4] Defendant's counsel's Declaration also states that his law firm was retained by Defendant on November 6, 2018, Berhow Decl., ¶ 3, but e-mail correspondence from Defendant's counsel to Plaintiff's counsel represents that his law firm was retained by Defendant in this matter as of at least November 2, 2018. Luzi Decl., ¶ 8, **Exhibit A**. This underscores Defendant's counsel propensity to make incorrect statements.

Plaintiff's counsel's silence in response to Defendant's counsel's 6:41 p.m. e-mail on November 30, 2018 – the Friday night before the following Monday when Defendant's answer or other responsive pleading to Plaintiff's Complaint was due – does not, in any objective way, create a "misunderstanding" as to the actual, federally-imposed due date of the answer or other responsive pleading. (*Id.* at ¶¶ 13-15.) Defendant's argument that "Plaintiff's decision to sit silently by even while knowing that Defendant had a misconception of the parties' agreement,"[5] highlights Defendant's deliberate misrepresentation regarding this issue: there was *never* any agreement, and Plaintiff's counsel's actions (or inactions) did not give Defendant's counsel an objectively believable basis for this "misunderstanding."

Finally, Defendant's argument that they did not timely file an answer to Plaintiff's Complaint because its belief was that it "had 60 days from the date of the waiver of service to file its responsive pleadings" is deliberately ignorant. (Defendant's Motion, p. 4; *see also* Berhow Decl., ¶ 4.) This concession surpasses the inadvertence standard articulated in *Cracco* and exhibits Defendant's willfulness as to the answer's due date in this matter.

Defendant's counsel are seasoned federal litigators employed by a nationally recognized litigation defense firm who are very familiar with the Federal Rules of Civil Procedure. Indeed, Defendant admits that it "is well aware of its obligations to know and adhere to the Federal Rules of Civil Procedure,"[6] yet Defendant simultaneously argues that it had an "erroneous perception"[7] as to the due date of its answer or other responsive pleading to Plaintiff's Complaint. Defendant's argument is contradictory and simply unbelievable. Defendant's counsel is fully aware of the plain language of FED. R. CIV. P. 12(a)(1)(A)(ii), which states that a defendant who

---

[5] Defendant's Motion, p. 5.
[6] Defendant's Motion, p. 5.
[7] Defendant's Motion, p. 4.

has timely waived service under RULE 4(d) must serve a responsive pleading within 60 days after the request for a waiver was sent.[8]

Defendant received Plaintiff's Complaint in early October 2018, Defendant's counsel executed a Waiver of Service, which was filed with this Court on November 13, 2018, (ECF No. 6), and by virtue of the express terms on the Waiver of Service, Defendant and Defendant's counsel fully and unequivocally understood that Defendant's answer or other responsive pleading to Plaintiff's Complaint was due sixty (60) days after October 4, 2018, or on or before December 3, 2018.

The Seventh Circuit has consistently held that communication problems, "routine back-office problems," and mistakes "do not rank high in the list of excuses for default" and "do not establish good cause for defaulting" *Pretzel*, 28 F.3d at 45 (internal quotations omitted) (citing *Connecticut National Mortgage Co. v. Brandstatter*, 897 F.2d 883, 884–85 (7th Cir.1990) and *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1207 (7th Cir.1984)).

In this case, as of at least November 2, 2018, *a full calendar month before the answer or other responsive pleading due date of December 3, 2018*, Defendant's counsel had been retained by Defendant. (Luzi Decl., ¶ 8, **Exhibit A**.) Further, as of at least November 13, 2018, *almost three weeks before the answer or other responsive pleading due date of December 3, 2018*, Defendant understood that its answer or other responsive pleading to Plaintiff's Complaint was due sixty (60) days after October 4, 2018, or on or before December 3, 2018. (*See* ECF No. 6.) During this time, Defendant's counsel could have communicated with Plaintiff's counsel to request more time to file an answer or other responsive pleading in accordance with FED. R. CIV. P. 6(b), but Defendant's counsel did not. During this time, Defendant's counsel also could have

---

[8] Plaintiff's counsel would also speculate that Defendant's counsel has never before, in any federal court case in which it has represented a defendant, failed to timely file an answer to a plaintiff's complaint. If so, this additionally highlights Defendant's basic understanding of federal court deadlines.

communicated with Plaintiff's counsel to request that Plaintiff's counsel confirm his "erroneous perception" as to the due date of Defendant's answer or other responsive pleading to Plaintiff's Complaint, but Defendant's counsel did not.

Ultimately, Defendant has not demonstrated the necessary "good cause" for the untimely filing of the answer in order for this Court to legally excuse its default. Moreover, vacating the entry of default will, in fact, prejudice Plaintiff, the parties without fault, by requiring them to devote time and expense to additional litigation. The failure to vacate the default will also not prejudice Defendant because Defendant is ultimately able to present evidence and defenses to Plaintiff's damages as this matter proceeds forward. *See*, *e.g.*, *Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 367–68 (7th Cir. 1983).

## II. DEFENDANT'S BASIS FOR ITS FAILURE TO TIMELY ANSWER PLAINTIFF'S COMPLAINT DOES NOT CONSTITUTE EXCUSABLE NEGLECT UNDER FED. R. CIV. P. 6(b)

To determine whether excusable neglect exists pursuant to Fed. R. Civ. P. 6(b)(1)(B), this Court must consider: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380 (1993).

The Seventh Circuit has routinely found that "honest mistakes" and other, similar conduct does not constitute excusable neglect pursuant to Fed. R. Civ. P. 6(b)(1)(B). "The excusable neglect standard <u>can never be met</u> by a showing of inability or refusal to read and comprehend the plain language of the federal rules. The term 'excusable neglect' … refers to the missing of a deadline as a result of such things as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules." (emphasis added). *Prizevoits v.*

*Indiana Bell Tel. Co.*, 76 F.3d 132, 133–34 (7th Cir. 1996); *see also United States v. Dumont*, 936 F.2d 292, 294–95 (7th Cir. 1991); *Albedyll v. Wisconsin Porcelain Co. Revised Retirement Plan*, 947 F.2d 246, 253 (7th Cir. 1991); *Cange v. Stotler & Co.*, 913 F.2d 1204, 1212–13 (7th Cir.1990); *Parke–Chapley Construction Co. v. Cherrington*, 865 F.2d 907, 911–13 (7th Cir. 1989); *Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 602 (7th Cir. 1987).

"A simple case of miscalculating a deadline is not a sufficient reason to extend time," nor does "an unaccountable lapse in basic legal knowledge" constitute legally-justifiable excusable neglect. *McCarty v. Astrue*, 528 F.3d 541, 545-545 (7th Cir. 2008); *see also United States v. Guy*, 140 F.3d 735, 735–36 (7th Cir. 1998) (finding inexcusable neglect where experienced federal litigator miscalculated the time to file a notice of appeal because he relied on rules governing procedure in the district court, not in the court of appeals); *Prizevoits*, 76 F.3d at 133-134 (finding inexcusable neglect where experienced federal litigator failed to properly interpret time limit for filing a notice of appeal where plain language of the rule was unambiguous).

As stated above, Defendant's counsel are seasoned federal litigators employed by a nationally recognized litigation defense firm who, admittedly, "are well aware of its obligations to know and adhere to the Federal Rules of Civil Procedure." (Defendant's Motion, p. 5.)

Similarly, arguments that a defendant's neglect has not caused the plaintiff harm are equally as unpersuasive and insufficient to establish excusable neglect. For example, in *McCarty,* the Seventh Circuit held that an attorney's failure to timely file a notice of appeal in district court – even by a few days – was not the result of excusable neglect because "it was incorrect [for the district court to determine] that the absence of any harm meant that the attorney's mistake was excusable … [t]he word 'excusable' would be read out of the rule if inexcusable neglect were

translated into excusable neglect by a mere absence of harm." 528 F.3d at 545 (citing *Prizevoits*, 76 F.3d at 134).

Further, other Circuits have echoed the Seventh Circuit's rationale and precedent in this regard:

> Counsel in this matter committed a mistake in interpreting and applying the Local Rules and Rule 6(e) of the Federal Rules of Civil Procedure, which were not ambiguous. This form of neglect was not excusable. Although the Court in *Pioneer* recognized that 'excusable neglect' is a flexible, equitable concept, the Court also reminded us that 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect.' In this case, counsel has not presented a persuasive justification for his misconstruction of nonambiguous rules. Accordingly, there is no basis for deviating from the general rule that a mistake of law does not constitute excusable neglect."

*Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931–32 (9th Cir. 1994), *as amended on denial of reh'g* (Apr. 8, 1994); *see also FirstHealth of Carolinas, Inc. v. CareFirst of Maryland, Inc.*, 479 F.3d 825, 829 (Fed. Cir. 2007) (stating that a court's "interest in deterring delay due to 'sloppy practice or inattention to deadlines' [is] relevant to the second *Pioneer* factor and also 'weighs heavily against a finding of excusable neglect.'")

Ultimately, "[w]e live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception. A good judge has a right to assume that deadlines will be honored." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006).

Based on the case law and precedent established by the Seventh Circuit as cited herein, this Court should find that Defendant's failure to timely file the answer to Plaintiff's Complaint was not the product of excusable neglect. Consequently, Defendant's request to extend time to file an answer must be denied.

## CONCLUSION

For the reasons set forth herein, this Court should deny Defendant's Motion to set to aside the Clerk's entry of default because Defendant has not established the necessary "good cause" or "excusable neglect" for the untimely filing of its answer.

Dated this 29th day of December 2018

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

 s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com